OPINION OF THE COURT
Alan Saks, J.
Defendant’s motion for a change of venue from New York County to Albany County is denied.
Plaintiff sued the United States of America (U.S.) for injuries sustained by his infant son at a Federal facility. The U.S. has counterclaimed against plaintiff for contribution or indemnification based on alleged improper supervision. This is a separate action by plaintiff seeking a judicial declaration that defendant, his “homeowner’s” insurer, is obligated to defend him on the counterclaim.
Plaintiff resides in Saratoga County. The defendant has offices throughout this State, but has not designated a principal office, because, apparently it is exempt from having to do so under the Insurance Law.
CPLR 503 (subd [c]) deems a foreign corporation authorized to transact business in this State a resident of the county in which its principal office is located. Movant admits that New York County is in fact where its principal office is located by admitting that it would designate that office if the law required it to designate one. Nothing in the CPLR states that there is no principal office absent a *1091 designation. Therefore, New York is a proper county, since venue may be placed in a county where any party resides. (CPLR 503, subd [a].)
Defendant now asserts also that venue should be changed to Albany County because its office there investigated the matter and its file is there. Although a “proper” county has been selected, the court may, of course, order a change of venue to any other county, even one where no party resides, either if an impartial trial cannot be had in a proper county or for the convenience of material witnesses and promotion of the ends of justice. (CPLR 510, subds 2, 3.) However, since there is no reason to believe an impartial trial cannot be had in this county and since the matter to be tried essentially involves interpretation of the homeowner’s policy and application of principles of law thereto, with little need for discovery, the motion must also be denied to the extent that a change of venue sought is on grounds other than selection of an improper county. Moreover, the notice of motion invokes only CPLR 510 (subd 1) (selection of improper county) and not CPLR 510 (subd 2) or 510 (subd 3) and the demand for change of venue served with the answer was likewise predicated only on selection of an improper county.
It is to be noted that, on this motion, defendant has not asked for transfer to Saratoga County, although its demand for change of venue prior to the motion gave plaintiff the alternative of consenting to Saratoga County. Despite the absence of such an explicit request on the motion, the court would have ordered a transfer to Saratoga but for its holding that New York is a proper county.
This case is to be distinguished from those in which a corporation has designated a principal office. The court is not suggesting that such a corporation may be deemed a resident of another county on the ground that its office in the latter is in truth its headquarters.